**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

VICKERY AND COMPANY,

       Plaintiff,

v.                                    CASE NO: 8:08-cv-1964-T-26TBM

VC SYSTEMS & CONTROLS, INC.,
VC ADMINISTRATION, INC., and
HENRY G. VICKERY,

       Defendants and Third Party Plaintiffs,

v.

DENNIS BARBER,

       Third Party Defendant.

_____/

## O R D E R

Before the Court is Counter-Defendant's Vickery and Company's Motion to

Dismiss Count III of Defendant's Counterclaim (Dkt. 13), and Counterclaim Plaintiff and

Third Party Plaintiff VC Systems & Controls, Inc.'s Response. (Dkt. 18). After careful

consideration of the motion, Count III of the Counterclaim (Dkt. 5, pp. 39-44), and the

applicable law, the Court finds that the motion should be granted.

The Court agrees with Vickery and Company that VC Systems seeks to make a

claim for replevin of the "job folders." Florida law requires that each element of the

cause of action for replevin pursuant to section 78.01 *et seq.*, Florida Statutes, be alleged.

For example, the complaint must describe the claimed property sufficient for

identification, must adequately allege ownership or entitlement thereto, must claim that

the property is wrongfully detained by the defendant, and must contain other obligatory

allegations pursuant to section 78.055, Florida Statutes.

Apart from failing to allege the requirements necessary under the statute, Vickery and Company fails to allege an independent claim for relief underpinning the extraordinary remedy of injunctive relief.  United Prescription Servs., Inc. v. Gonzales, No. 8:06-cv-1977-T-30MAP, 2006 WL 3804728, *3 (M.D. Fla. Dec. 22, 2006) (citing Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1098 (11th Cir. 2004)).  That no adequate remedy at law exists is simply one element of seeking injunctive relief, and does constitute a separate and independent cause of action.[1]  Consequently, the Court grants the motion and dismisses count III of the counterclaim.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1)   Counter-Defendant's Vickery and Company's Motion to Dismiss Count III of Defendant's Counterclaim (Dkt. 13) is **GRANTED**.

(2)   Count III of the counterclaim is hereby dismissed.

**DONE AND ORDERED** at Tampa, Florida, on November 25, 2008.


   s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record

---

[1]   See, e.g., Airnet, Inc. v. Phoenix Continental Corp., Inc., 681 So.2d 919 (Fla.Dist.Ct.App. 1996) (discussing replevin counterclaim seeking travel and maintenance records of aircraft).