UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICKERY and COMPANY,

    Plaintiff,

v.                                      CASE NO: 8:08-cv-1964-T-26TBM

VC SYSTEMS & CONTROLS, INC.,
VC ADMINISTRATION, INC., and
HENRY G. VICKERY,

    Defendants and Third-Party Plaintiffs,

v.

DENNIS BARBER, individually,

    Third-Party Defendant.
_____/

# **O R D E R**

Before the Court are three renewed motions to compel more complete interrogatory responses filed by Plaintiff against each of the Defendants. Defendants have filed expedited responses in advance of the expedited hearing scheduled by the Court for tomorrow. After careful consideration of the pleadings, including Plaintiff's complaint, together with the renewed motions and responses, the Court concludes that the motions are due to be granted in part and denied in part, thus obviating the need for a hearing.

With regard to the renewed motion as it pertains to Defendant Henry Vickery, the Court agrees with his counsel's arguments that the answer to interrogatory 1 adequately states the

subject matter of the information possessed by all of the listed witnesses.  As to the objections lodged by Mr. Vickery with respect to interrogatories 5, 6, 17, and 18, the Court determines that they are valid.  The information Plaintiff seeks through these interrogatories is inextricably intertwined with its request for an accounting alleged in count IV of the complaint.  Under that circumstance, Plaintiff is not entitled to this information until it establishes its right to an accounting.  See, e.g., Collier Anesthesia, P.A. v. Worden, 726 So.2d 342, 343 (Fla. Dist. Ct. App. 1999) (stating that "[i]tems possibly relevant to an accounting are not discoverable until the right to an accounting has first been established.") (citing Zebouni v. Toler, 513 So.2d 784 (Fla. Dist. Ct. App. 1987)).  As the Worden court further observed, "[o]nce that occurs, discovery may proceed to the actual accounting." 726 So.2d at 343 (citing Zebouni).  Finally, as to interrogatory 8, the Court agrees with Plaintiff's contention that the information sought is relevant for the purpose of establishing damages for patent infringement.  The Court, however, will require Defendant Vickery to furnish this information only for the period from January 1, 2005, through the filing of the complaint.  He shall do so within twenty (20) days of this order.

In light of the foregoing determinations as to Defendant Vickery, it necessarily follows that the responses of Defendants, VC Systems & Controls, Inc., and VC Administration, Inc., to interrogatory 1 are valid, that Defendant VC Systems & Controls, Inc.'s objections to interrogatories 5, 6, 17, and 18 are sustained, and that Defendant VC Administration, Inc.'s objections to interrogatories 4, 5, 6, 7, 8, 10 are sustained.  Again, however, the Court will direct Defendant VC Systems and Controls, Inc. to respond to interrogatory 8 for the period from January 1, 2005, through the filing of the complaint.  It shall do so within twenty (20) days of this order.

Accordingly, it is ordered and adjudged that the Renewed Motions to Compel More Complete Interrogatory Responses (Dkts. 34, 35, and 36) are granted in part and denied in part. The parties' respective requests for attorney fees and costs are denied. The hearing scheduled for Friday, May 1, 2009, at 10:00 a.m., is cancelled.

**DONE AND ORDERED** at Tampa, Florida, on April 30, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record